# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE
# PORTLAND DIVISION

U.S. DISTRICT COURT
DISTRICT OF MAINE
FILED

2025 MAY 12  P 12: 56

DEPUTY CLERK

Nathan Reardon,

   Plaintiff,

v.

Lance E. Walker, in his individual capacity,

John Doe 1–3, in their individual capacities,

   Defendants.

Civil Action No. _____

COMPLAINT FOR DAMAGES UNDER BIVENS AND JURY DEMAND

## I. INTRODUCTION

1. This is a civil action brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), to seek redress for the violation of Plaintiff Nathan Reardon's clearly established constitutional rights under the Fifth Amendment to the United States Constitution. Plaintiff was incarcerated and later unlawfully restricted from self-employment based on a probation condition that the United States Court of Appeals for the First Circuit vacated as unconstitutional. Despite the vacatur, Defendants knowingly continued to enforce the unlawful restriction, depriving Plaintiff of liberty and causing financial and reputational harm.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and the doctrine established in Bivens.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in the District of Maine.

## III. PARTIES

4. Plaintiff Nathan Reardon is a U.S. citizen residing in Plymouth, Maine.

5. Defendant Lance E. Walker is a federal judge sued in his individual capacity for actions taken outside the scope of his lawful judicial authority.

6. Defendants John Doe 1–3 are federal probation officials or supervisors whose identities are currently unknown, but who were involved in directing, authorizing, or enforcing the continued application of the vacated probation condition.

## IV. FACTUAL ALLEGATIONS

7. On or around August 2023, Plaintiff was incarcerated for allegedly violating a condition of supervised release that prohibited him from self-employment.

8. In May 2024, the United States Court of Appeals for the First Circuit vacated that self-employment restriction as unlawful.

9. Following that ruling, Plaintiff inquired whether he could resume self-employment. Probation initially appeared to agree, but later reversed position, stating he must wait for resentencing.

10. Plaintiff believes this reversal was at the direction of Judge Lance Walker or senior probation officials.

11. As a result, Plaintiff remained under unlawful restriction, suffered financial losses, reputational damage, and continued denial of his constitutional right to earn a living.

## V. CLAIMS FOR RELIEF

12. Defendants' actions violated Plaintiff's clearly established Fifth Amendment due process rights.

13. Defendants knowingly enforced a probation condition that had been vacated by the appellate court, acting outside the bounds of lawful authority.

14. Plaintiff suffered actual harm as a direct result of Defendants' unconstitutional actions.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages against the individual defendants;

c. Award reasonable attorney's fees and costs under applicable law;

d. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Nathan Reardon
Plaintiff, Pro Se
PO Box 52
Detroit, ME 04929
207-745-7575