**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

<u>Nathan Reardon</u>

    v.                                                            Case No. 25-cv-235-LBM-AJ

<u>Lance E. Walker</u>
<u>John Does 1-3</u>

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Nathan Reardon, appearing in forma pauperis, alleges that a federal trial judge and probation officers violated his constitutional rights by imposing and enforcing a condition of supervised release following his criminal conviction. The complaint (Doc. No. 1) is before the undersigned Magistrate Judge for preliminary review. <u>See</u> 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Reardon's, that are filed in forma pauperis. <u>See</u> LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review,

the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Factual Background[1]

### A. Original Conviction and Sentence

In November 2022, Judge Walker sentenced Mr. Reardon to a term of 20 months imprisonment and a three-year term of supervised release, following Mr. Reardon's guilty plea to five counts of bank fraud. See Judgment, United States v. Reardon, No. 21-cr-61-LEW ("Reardon I") (Doc. No. 159). Due to the characteristics of the underlying crime, one of the special conditions of supervised release was a prohibition on self-employment.

---

[1] Mr. Reardon's complaint contains few facts. The court includes those facts as well of those contained in various judicial opinions stemming from related litigation. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) (observing that that federal courts may take judicial notice of proceedings in other courts if relevant to matters at hand).

2

B. Supervised Release and Revocation

Mr. Reardon began his term of supervised release in July of 2023. In August of 2023, he was detained pending a revocation hearing. Id. Order of Detention (Doc. No. 176). After a hearing, Judge Walker entered judgment (Doc. No. 185) on the motion to revoke (Doc. No. 167), based on Mr. Reardon's admission of guilt to various violations of conditions, including the bar on self-employment. Judge Walker imposed a nine-month sentence, to be followed by a 25-month term of supervised release, subject, again, to the same conditions. The First Circuit affirmed the revocation sentence Judge Walker imposed. United States v. Reardon, 111 F.4th 142, 144 (1st Cir. 2024).

C. Reardon I Appeal

In May 2024 – before the affirmance of his revocation sentence -- a divided panel of the First Circuit vacated the self-employment ban Judge Walker imposed in Reardon I and remanded only that portion of Mr. Reardon's sentence to the district court "for resentencing limited to a re-examination of the scope of" the self-employment restriction. United States v. Reardon, 102 F.4th 558, 570 (1st Cir. 2024). The court stated that it could not "be certain that the district court considered whether the total self-employment ban was the minimum restriction necessary and thus cannot evaluate its analysis for imposing the ban." Id. Finally, the court stated that "nothing

3

in [its] decision prohibits the re-imposition of an occupational restriction on remand that satisfies [Sentencing Guideline] requirements." Id. On remand, Judge Walker re-instated the self-employment ban. Reardon I, Amended Judgment (Doc. No. 201); Statement of Reasons (Doc. No. 202). Mr. Reardon appealed his re-sentencing in Reardon I. That appeal remains pending. See United States v. Reardon, appeal docketed, No. 24-1724 (1st Cir. August 13, 2024).

Shortly before this lawsuit was filed, after Mr. Reardon had completed his revocation-related incarceration and roughly half his term of supervised release, Judge Walker granted Mr. Reardon's motion to modify his conditions of release by allowing a limited amount of self-employment. Reardon I, 2025 WL 1237348, at *3 (D. Me. Apr. 29, 2025).

## **Claims**

Asserting a Bivens[2] action for violations of his rights under the Fifth Amendment, Mr. Reardon alleges that Judge Walker and three unnamed probation officers "knowingly enforced a probation condition that had been vacated by the appellate court, acting outside the bounds of lawful authority." Compl.

---

[2] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing an implied cause of action for damages against federal officers for certain alleged Constitutional violations).

4

(Doc. No. 1) at 2. Mr. Reardon refers specifically to the self-employment bar that the First Circuit vacated and that Judge Walker re-imposed in Reardon I. As explained below, the defendants are immune from prosecution. The district judge should, therefore, dismiss this case.

## Discussion

A. Judge Walker

Dismissal of the claim against Judge Walker is required pursuant to the doctrine of absolute judicial immunity. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Velasquez v. McElroy, No. 23-cv-15-SDE-AKJ, 2023 WL 2617457, at *1 (D.R.I. Feb. 28, 2023), Report and Recommendation adopted, 2023 WL 2610456 (D.R.I. Mar. 23, 2023) (quoting Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019)(alteration in original)).

"Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." Zenon, 924 F.3d at 617 (citing Forrester v. White, 484 U.S. 219, 227-28 (1988)). "To determine if the judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Id. (citing Stump v. Sparkman,

5

435 U.S. 349, 362 (1978)) (internal footnote omitted); see also id. at 618 ("[T]he relevant inquiry is the 'nature' and 'function' of the act . . . . In other words, we look to the particular act's relation to a general function normally performed by a judge." (quoting Mireles v. Waco, 502 U.S. 9, 13 (1991))) (alterations in original). Further, "[a]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Velasquez, 2023 WL 2617457, at *1.

The allegations in the complaint relate solely to Judge Walker's imposition and re-imposition of a condition of supervised release. This is unquestionably an "act normally performed by a judge" and Mr. Reardon was "dealing with [Judge Walker] in his . . . judicial capacity." Forrester, 484 U.S. at 228; see Silva v. Smith, No. 20-CV-12-PJB-AKJ, 2021 WL 1193408, at *5 (D.R.I. Mar. 30, 2021) (invoking judicial immunity in dismissing claim against judge who issued arrest warrant against plaintiff who violated allegedly unconstitutional supervised release conditions). Accordingly, the claim against Judge Walker should be dismissed.[3]

---

[3] While Mr. Reardon is correct that the Court of Appeals vacated the self-employment condition, he fails to acknowledge that the court did not prohibit its reinstatement.

B. Probation Officers

"Judicial immunity," discussed above, "extends to other officers of government, whose duties are related to the judicial process." Barr v. Matteo, 360 U.S. 564, 569 (1958). Probation officers in the federal courts, while "engag[ing] in a role closely associated with the discretionary function of the decision-maker," such as a judge, are immune from suit for actions taken in that role. Namey v. Reilly, 926 F. Supp. 5, 8-10 (D. Mass. 1996). "As an 'investigative and supervisory arm of the court,'" a United States Probation Officer "'is entitled to absolute immunity from suit in the performance of . . . judicially-related functions.'" Marston v. Cook, C.A. No. 1:10-CV-00278-WES, 2010 WL 5092743, at *3 (D.N.H. Aug. 31, 2010) (quoting United States v. Davis, 151 F.3d 1304, 1306 (10th Cir. 1998)), R&R adopted sub nom. Marston v. United States, No. 10-cv-278-WES, 2010 WL 5090512 (D.N.H. Dec. 6, 2010); see also Benson v. Safford, 13 F. App'x 405, 407 (7th Cir. 2001) ("probation officers are absolutely immune from suits challenging conduct intimately associated with the criminal justice process"); Tripati v. U.S. Immigr. & Naturalization Serv., 784 F.2d 345, 348 (10th Cir. 1986) (holding that when "the challenged activities of a federal probation officer are intimately associated with the judicial phase of the criminal

7

process, he or she is absolutely immune from a civil suit for damages").

Additionally, where probation officers act in a prosecutorial role in court, they are protected by absolute prosecutorial immunity. See Penate v. Kaczmarek, 928 F.3d 128, 135 (1st Cir. 2019) (noting that the Supreme Court has taken a "functional approach" to absolute immunity from suit, which "looks to the nature of the function performed, not the identity of the actor who performed it." (quoting Forrester, 484 U.S. at 229)).

Ultimately, to the extent Mr. Reardon's claim against any probation officer is based on their actions in presenting information and evidence in Mr. Ross's supervised release violation proceedings, recommending a sentence for those violations, maintaining records of Mr. Reardon as directed by the court, or "any other duty that the court may [have] designate[d]," the defendant officers are absolutely immune from suit. They are similarly immune to the extent any probation officers acted in a prosecutorial role during Mr. Ross's supervised release violation proceedings. See Epps v. U.S. Att'y Gen., 575 F. Supp. 2d 232, 242 n.13 (D.D.C. 2008) (citing Farrish v. Miss. State Parole Bd., 836 F.2d 969, 974-75 (5th Cir. 1988)). For these reasons, the district judge should

8

dismiss the claims against the unidentified probation officer defendants.

## Conclusion

Based on the foregoing, the district judge should dismiss the complaint because all defendants are absolutely immune from suit.[4]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right

---

[4] On June 30, 2025, Judge Woodcock imposed a filing restriction requiring Mr. Reardon to seek the court's permission prior to filing any new civil case. Cases such as this one, which collaterally attack his criminal conviction, will no longer be docketed. See NATHAN REARDON, Plaintiff, v. ADAM DOMONSKI, Defendant., No. 1:25-CV-00268-JAW, 2025 WL 1797156, at *8 (D. Me. June 30, 2025). As Mr. Reardon commenced this action before that restriction was entered, it was properly filed, though subject to dismissal for the reasons stated.

to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                               _/s/ Andrea K. Johnstone_
                                               Andrea K. Johnstone
                                               United States Magistrate Judge
                                               Sitting by Designation

July 14, 2025

cc: Nathan Reardon, pro se